1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   JUSTIN LOMAKO,                          1:09-cv-01056-YNP-SMS (PC)

10                     Plaintiff,           ORDER DISMISSING COMPLAINT, WITH
                                            LEAVE TO FILE AMENDED COMPLAINT
11         v.                               WITHIN THIRTY DAYS

12   M. JUNIOUS, et al.,                    (Doc. 1)

13                     Defendants.

14   _____/

15                          **Screening Order**

16   **I.    Screening Requirement**

17         Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction

19   pursuant to 28 U.S.C. § 636(c)(1).

20         The Court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The

22   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28         "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

1

1  exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

2  506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

3  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

4  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

5  grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.  However, "the liberal pleading

6  standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330

7  n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements

8  of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257

9  (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

10  **II.     Plaintiff's Claims**

11        The events at issue in this action occurred while Plaintiff was housed at California State

12  Prison, Corcoran. Plaintiff names as defendants the following individuals: M. Junious, Chief Deputy

13  Warden at CSP Corcoran; Appeals Examiner A. Hodges-Wilkins; N. Grannis, Chief of Inmate

14  Appeals.

15        Plaintiff's claim stems from his transportation to a medical appointment outside the prison.

16  Plaintiff alleges that "staff" used a cuff separator which impaired Plaintiff's mobility and caused him

17  injury. Specifically, Plaintiff alleges that, while in the waiting room with other inmates, "custody

18  staff" refused to assist Plaintiff. As a result, Plaintiff was unable to use his asthma inhaler, and "fell

19  unconscious," aggravating an existing back injury.   Plaintiff filed a CDCR Form 1824, a Request

20  for Reasonable Modification. Plaintiff does not specifically indicate what his request was, but he

21  does allege that he complained about the cuff separator. Plaintiff alleges that "the inmate appeal"

22  was denied by Defendant Junious, Defendant Appeals Examiner Hodges-Wilkins and Defendant

23  Grannis, the Chief of Inmate Appeals.

24        **A.     Eighth Amendment Medical Care Claim**

25        "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

26  must show 'deliberate indifference to serious medical needs.'" <u>Jett v. Penner</u>, 439 F.3d 1091, 1096

27  (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two- part

28  test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

1  demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

2  the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

3  deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

4  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

5  Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a

6  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

7  by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay

8  in receiving medical treatment, the delay must have led to further harm in order for the prisoner to

9  make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely

10  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

11      To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

12  color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

13  law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives

14  another of a constitutional right, where that person 'does an affirmative act, participates in another's

15  affirmative acts, or omits to perform an act which [that person] is legally required to do that causes

16  the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)

17  (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection

18  can be established not only by some kind of direct, personal participation in the deprivation, but also

19  by setting in motion a series of acts by others which the actor knows or reasonably should know

20  would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

21      Here, Plaintiff alleges that staff in general was deliberately indifferent to his medical need,

22  resulting in injury to Plaintiff.  Plaintiff does not, however, identify who the particular individual

23  was that refused to assist him.  The court cannot direct service of process upon an unknown

24  defendant. In order to hold an individual defendant liable, Plaintiff must identify the defendant and

25  the facts that allege that that particular defendant is responsible for plaintiff' injury.  Plaintiff has

26  not done so here. This claim must therefore be dismissed. Plaintiff will, however, be granted leave

27  to file an amended complaint that identifies the individual who refused to assist Plaintiff.

28      **B. Inmate Grievance Process**

1    As to Defendants Junious, Wilkes-Hodges and Grannis, their only conduct is their

2  participation in the grievance process.  Generally, "[r]uling against a prisoner on an administrative

3  complaint does not cause or contribute to the violation."  George v. Smith, 507 F.3d 605, 609 (7th

4  Cir. 2007).  In this instance, Defendants considered Plaintiff's requests made via the appeals process

5  and denied them.  Though Plaintiff does not specifically allege what his request was, he presumably

6  sought relief from the requirement that he wear a cuff separator on trips outside the prison.

7  Regardless of the request, there is no basis presented for imposing liability on Defendants

8  McGuinness, Martinez, and Heck because there is no factual support for a claim that they acted with

9  deliberate indifference to a substantial risk of harm to Plaintiff.   The alleged injury was not caused

10  by the presence of a cuff separator but arguably by staffs' refusal to assist Plaintiff.  This claim

11  should therefore be dismissed.

12  **III.    Conclusion and Order**

13    The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

14  which relief may be granted under section 1983.  The Court will provide Plaintiff with the

15  opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

16  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not

17  change the nature of this suit by adding new, unrelated claims in his amended complaint.  George,

18  507 F.3d at 607 (no "buckshot" complaints).

19    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

20  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

21  Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be

22  [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v.

23  Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

24    Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

25  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

26  (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

27  pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

28  complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

1   to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at

2   1474.

3          Accordingly, based on the foregoing, it is HEREBY ORDERED that:

4          1.     Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

5          2.     The Clerk's Office shall send Plaintiff a complaint form;

6          3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

7                 amended complaint;

8          4.     Plaintiff may not add any new, unrelated claims to this action via his amended

9                 complaint and any attempt to do so will result in an order striking the amended

10                complaint; and

11         5.     If Plaintiff fails to file an amended complaint, the Court will recommend that this

12                action be dismissed, with prejudice, for failure to state a claim.

13

14

15

16   IT IS SO ORDERED.

17   **Dated:    March 17, 2010**                    _____/s/ Sandra M. Snyder_____
                                                     UNITED STATES MAGISTRATE JUDGE
18

19

20

21

22

23

24

25

26

27

28